PEOPLE *v.* TITUS

Arrest—Probable Cause.
> Police had probable cause to arrest a defendant for a larceny in a building where the arresting officers heard a radio call that a breaking and entering was in progress at a motel and that the thieves had escaped in a white Renault, the police sighted a vehicle, the one in which defendant was riding, matching the radioed description within a couple of minutes after hearing the radio call, the defendant's car, at that time, was only about 500 to 600 feet from the motel, and the police saw a television set in plain view on the back seat of the automobile.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 February 23, 1971, at Detroit. (Docket No. 8154.) Decided April 27, 1971.

Samuel O. Titus was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur J. Tarnow* (Defenders' Office, Legal Aid and Defender Association of Detroit), for defendant on appeal.

Reference for Points in Headnote
5 Am Jur 2d, Arrest § 44 *et seq.*

Before: J. H. Gillis, P. J., and Levin and O'Hara,* JJ.

Per Curiam. The defendant, Samuel O. Titus, appeals from a conviction of larceny in a building. MCLA § 750.360 (Stat Ann 1954 Rev § 28.592). The information charged that he stole a television set from a motel. The people move to affirm.

The remarks made by the assistant prosecuting attorney in his closing argument were not references to excluded evidence. The trial judge permitted to stand the testimony of the witness who said that he had examined the television set, looked at the serial number, and compared it with the inventory in his possession. Moreover, in the light of the evidence which was admitted, the remarks could not have been prejudicial to the defendant.

The arresting officers had probable cause to stop the vehicle in which the defendant and a codefendant were riding when they were arrested. The officers had heard a radio call that there was a breaking and entering in progress at the motel and a description of a white Renault in which the thieves had escaped. The officers sighted a vehicle matching that description within "a couple of minutes" from the time they heard the radio call. The vehicle was then perhaps only 500 to 600 feet from the motel. A television set was in plain view on the back seat of the vehicle. The police had probable cause to arrest the defendant and to seize the television set.

There is no merit in defendant's claim that the failure of his trial counsel to move to suppress the seized television set deprived him of the effective assistance of counsel.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

It is manifest that the questions sought to be reviewed are so unsubstantial as to need no argument or formal submission.

The motion to affirm is granted.